UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PATRICE BAKER, an individual and
LAURENT LAMOTHE, an individual,

    Plaintiffs,

v.

HAITI-OBSERVATEUR GROUP, an unknown business entity, and LEO JOSEPH, an individual,

    Defendants.

_____/

## COMPLAINT

Plaintiffs Patrice Baker and Laurent Lamothe, file this Complaint and sue Defendants Haiti-Observateur Group and Leo Joseph and in support state:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Laurent Lamothe, ("Lamothe") is a Haitian citizen, *sui juris*, and resides in Haiti.

2. Plaintiff, Patrice Baker, ("Baker") is a U.S. Citizen, *sui juris*, and resides in the Southern District of Florida.

3. Defendant, Haiti-Observateur Group, ("HOG") is an unknown business entity and the alter ego of Defendant Leo Joseph. HOG operates and runs a website maintained in New York State, and hosted in Chesterbrook, Pennsylvania.

4. Defendant, Leo Joseph, ("Joseph"), is over the age of eighteen, *sui juris*, and a resident of New York State.

5. This Court has personal jurisdiction over the Defendants under section 48.193, Florida Statutes, including under subprovision (1)(b), as their acts constitute the commission of a tortious act within this state through the publication of a defamatory article which was published in, and accessed in this District. Additionally, under subprovision (1)(f), Defendants have caused injury to Plaintiffs in this state through the publication of the defamatory statements in the course of Defendants' (1) operation of a website that was published to, and viewed in, this state; and (2) production and editorial control over a website that was consumed or solicited readers for advertising and other purposes from the Creole-speaking and Haitian community in this District. In fact, Defendants' website promises news for Haiti and Florida on the homepage.

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different U.S. states and foreign states.

7. Venue is proper within the Southern District of Florida as this is the district in which the defamatory statements were published by the Defendants and/or intended to be read by the general consuming public.

## GENERAL ALLEGATIONS

8. Plaintiff Baker is a prominent businessman in the Southern District of Florida. Baker is known and recognized in the community and maintains a stellar reputation in the business and local community.

9. Plaintiff Lamothe currently serves as the Prime Minister of Haiti and enjoys a stellar reputation in the political and local community in which he serves and resides. As a result of the large Haitian population which resides in this District, Plaintiff Lamothe's reputation is subject to offense and damage within the Southern District of Florida.

10. At all times material, Defendants operated, managed and published a website under the domain name of www.haiti-observateur.net (the "Website").

11. As a publisher of the information, articles and material of their Website, Defendants know that the Website is frequently viewed, read, and understood in the Southern District of Florida. In fact, Defendants utilize a third-party service that tracks web traffic: ClustrMaps. A link to a ClustrMaps report appears on the homepage of the Website. Clicking that link from the Website reveals a report that boasts that from July 13, 2012 to September 7, 2012, the site tracked 2,025 viewers from Florida – more than any other state/market. In comparison, only 819 views came from Haiti during this same period. Defendants' known, primary market is the State of Florida.

12. The Website is not the only means of publication and distribution. Defendants present the publication in printed form, as well, offering subscriptions to the publication by mail. The periodical and Website furnish contact addresses for print-subscriptions for consumers in, inter alia, the United States, Haiti, and Canada.

13. In fact, Defendants intend for their Website to be read in Florida as this geographical area contains a large Haitian and Creole-speaking community.

14. On August 15, 2012, the Defendants published the article titled "La Haitel en vente pour 25 millions $?" on the Website (the "Article") and intentionally began to spread false and defamatory statements about Plaintiffs to an international and unlimited group of readers, including in Florida and Haiti.

15. On September 5, the defendant published a second article titled: "Global Voice et SOWCI ensemble pour ruiner la TELECO" on the Website intentionally spreading further false and defamatory statements about Plaintiffs.

16. Defendants' Article is replete with statements that are outrageous, scandalous and reminiscent of a tabloid publication.

17. The Defendants' statements included:

a. The false and defamatory statement that Plaintiffs Lamothe and Baker are orchestrating or have already profited from the sale of the telecommunications company, Haitel, by and through their affiliations with the Haitian government;

b. The false and defamatory statement that the sale of Haitel, a Haitian telecommunications company, was somehow controlled by Plaintiff Lamothe acting both in his official capacity and as an individual;

c. The false and defamatory statement that Lamothe transferred and/or used the center of Haitel's operations to the Haitian consulate in New York in order to influence the sale of the company;

d. The false and defamatory statement that Lamothe and Baker have acted as broker-dealers for the sale of Haitel;

e. The false and defamatory statement that through his connections with the Haitian president, Lamothe arranged and fixed the price for Haitel to be sold at $25,000,000;

f. The false and defamatory statement that Lamothe utilized the electoral victory of Haitian president Michel Martelly to compel the sale of Haitel;

g. The false and defamatory statement that Lamothe fixed the price of the sale of Haitel and will benefit in the form of receiving the "lion's share" of the proceeds;

h. The false and defamatory statement that in his dealings relating to Haitel, Lamothe disregarded the safeguards of the Haitian state and government;

   i. The false and defamatory statement that Lamothe exerted pressure on Nord Citadel Capital LLC to begin issuing payments for the purchase of Haitel; and

   j. The false and defamatory statement that Lamothe is a partner of the firm SOWCI which is gaining 14 cents on each minute of international call.

  18. Defendants' statements made in the Website and through its article are entirely false and conjured to destroy the reputations of Baker and Lamothe.

  19. Plaintiffs, by and through counsel, issued a demand for a retraction to Defendants. Defendants did not comply with the demand.

  20. Rather, in addition to Defendants' false and malicious defamatory statements set for the above, Defendants, not satisfied with the harm their statements caused to the Plaintiffs, re-published and repeatedly emphasized the defamatory statements once again, for the purpose of destroying the public, private, and professional reputations of the Plaintiffs.

  21. More than ten days have elapsed since Plaintiffs demanded a retraction from Defendants.

  22. Defendants' statements were made with actual malice.

  23. Defendants' false and defamatory statements were published in electronic format over the internet. The statements remain on Defendants' Website and are continuously available to all viewers of the Website.

  24. The statements published by Defendant about Baker and Lamothe as set forth above are false and have degraded and injured the Plaintiffs, their good name, their reputation, and their standing in their respective political and personal communities.

25. The defamatory statements made by the Defendants set forth above are actionable per se because the statements are facially defamatory and impute upon Baker and Lamothe conduct of illegal business practices, racketeering, corruption and a conspiracy among all parties.

26. Alternatively, the defamatory statements made and published by Defendants are actionable per quod the statements, when taken in context and the innuendo suggested by the statements imply conduct that degrades and injures Plaintiffs, their good names, their reputations, their standing in the community, both personally and professionally, and exposes Plaintiffs to distrust, hatred, contempt and obloquy.

## COUNT I
## DEFAMATION

27. Plaintiffs re-allege paragraphs 1 through 26 as if fully set forth herein.

28. Defendants, by and through their Website, have made false and defamatory statements concerning Plaintiffs.

29. The statements published by Defendants on their Website were unprivileged and made with actual malice.

30. Defendants knew or should have known that the statements published on the Website regarding Plaintiffs were false.

31. As a result of Defendants' statements published to third-parties on the Website, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs Baker and Lamothe respectfully request judgment in their favor and against Defendants HOG and Joseph for damages, interest, costs, attorney's fees and such further relief that this Honorable Court deems just and proper.

Plaintiffs request a trial by jury on all issues so triable.

Dated: September 10, 2012

Respectfully submitted,

J. Ronald Denman (863475)
jrdenman@pbyalaw.com
Miguel Armenteros (0014929)
miguel@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
Attorneys for Plaintiffs