UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-23300-UU

PATRICE BAKER, an individual and
LAURENT LAMOTHE, an individual,

    Plaintiffs,

v.

HAITI-OBSERVATEUR GROUP, an unknown business entity, and LEO JOSEPH, an individual,

    Defendants.
_____/

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiffs Patrice Baker ("Baker") and Laurent Lamothe ("Lamothe") move for the entry of a default judgment against Defendant, Leo Joseph ("Joseph"), pursuant to Rule 55, Fed. R. Civ. P. The following grounds support this Motion:

1. On September 12, 2012, Plaintiffs filed their Amended Complaint [DE 4] against Leo Joseph[1].

2. On January 16, 2013, the Clerk of this Court entered a Clerk's Default [DE 23].

3. Under Rule 55, the well-pleaded allegations of Plaintiffs' Amended Complaint are deemed admitted by Joseph. The allegations and exhibits of Plaintiffs' Amended Complaint are incorporated here by reference.

---

[1] Defendant Haiti-Observateur Group has been dismissed from the Amended Complaint without prejudice.

CASE NO.: 12-CV-23300-UU

## Count I
**Defamation**

5.  Plaintiffs seek judgment in their favor as to their claim for defamation arising from Joseph's false and malicious defamatory statements, including but not limited to:

    a.  The false and defamatory statement that Plaintiffs Lamothe and Baker are orchestrating or have already profited from the sale of the telecommunications company, Haitel, by and through their affiliations with the Haitian government;
    b.  The false and defamatory statement that the sale of Haitel, a Haitian telecommunications company, was somehow controlled by Plaintiff Lamothe acting both in his official capacity and as an individual;
    c.  The false and defamatory statement that Lamothe transferred and/or used the center of Haitel's operations to the Haitian consulate in New York in order to influence the sale of the company;
    d.  The false and defamatory statement that Lamothe and Baker have acted as broker-dealers for the sale of Haitel;
    e.  The false and defamatory statement that through his connections with the Haitian president, Lamothe arranged and fixed the price for Haitel to be sold at $25,000,000;
    f.  The false and defamatory statement that Lamothe utilized the electoral victory of Haitian president Michel Martelly to compel the sale of Haitel;
    g.  The false and defamatory statement that Lamothe fixed the price of the sale of Haitel and will benefit in the form of receiving the "lion's share" of the proceeds;
    h.  The false and defamatory statement that in his dealings relating to Haitel, Lamothe disregarded the safeguards of the Haitian state and government;
    i.  The false and defamatory statement that Lamothe exerted pressure on Nord Citadel Capital LLC to begin issuing payments for the purchase of Haitel; and
    j.  The false and defamatory statement that Lamothe is a partner of the firm SOWCI which is gaining 14 cents on each minute of international call.

    Certified translations of the articles published by Joseph are attached to Plaintiffs' Motion for Preliminary Injunction as <u>Exhibit 2</u>.

6.  The statements published by Defendant Joseph on his website, www.Haiti-Observateur.net, were unprivileged and made with actual malice.

7.  Defendant Joseph knew or should have known that the statements published on the website regarding Plaintiffs were false.

2

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

8. As a result of Defendant's statements published to third-parties, Plaintiffs have been damaged and suffered injury to their good names, their reputations, and their standing in their respective political, business, and personal communities. See Baker Aff. at ¶24 attached hereto as **Exhibit A**.

9. Joseph has demonstrated a willingness to destroy the personal and professional lives of the Plaintiffs and will use his website to cause irreparable harm to their personal and professional reputations for which money damages will be inadequate to repair.

10. Based upon Defendant's admission of the well-pleaded allegations in the Amended Complaint, Plaintiffs are entitled to seek the remedy of injunctive relief upon demonstrating a claim for defamation. *See Lorentz v. Sunshine Health Prods.*, Case No. 09-61529-CIV-MORENO, 2010 U.S. Dist. LEXIS 100985 *5 (S.D. Fla. Sept. 23, 2010) ("[T]he Court finds this claim for injunctive relief is not, by itself, a cognizable cause of action."); *Mobile Shelter Sys. USA v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1261 n. 7 (M.D. Fla. 2012)("In Florida, there is no separate cause of action for injunctive relief. It is a remedy, not an independent cause of action.").

11. From the well-pled allegations and undisputed allegations of the Amended Complaint, Plaintiffs have succeeded on the merits, demonstrated a substantial threat of irreparable and the continuing harm and the threatened injury to the Plaintiffs outweighs any harm to the Defendant.

WHEREFORE, Plaintiffs request that this Court enter default judgment against Defendant Leo Joseph, issue a permanent injunction in the form of the proposed order attached hereto and grant such further relief that this Court deems just and proper.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

Dated:  February 5, 2013.  /s/ Miguel Armenteros_____
J. Ronald Denman (863475)
jrdenman@pbyalaw.com
Miguel Armenteros (0014929)
miguel@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  February 5, 2013.  /s/ Miguel Armenteros_____
J. Ronald Denman (863475)
jrdenman@pbyalaw.com
Miguel Armenteros (0014929)
miguel@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
Attorneys for Plaintiffs

CASE NO.: *12-CV-23300-UU*

## SERVICE LIST

J. Ronald Denman (863475)
jrdenman@pbyalaw.com
Miguel Armenteros (0014929)
miguel@pbyalaw.com
ERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
Attorneys for Plaintiffs
*Available for service via CM/ECF*

Leo Joseph
139-68 86th Avenue
Jamaica, NY  11435
*Served via U.S. Mail*