## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-23300-UU

PATRICE BAKER, an individual and
LAURENT LAMOTHE, an individual,

      Plaintiffs,

v.

HAITI-OBSERVATEUR GROUP, an
unknown business entity, and LEO
JOSEPH, an individual,

      Defendants.

_____/

## DEFAULT FINAL JUDGMENT

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Default Judgment and the Court having considered the Motion, the affidavits submitted in support of the Motion and otherwise being fully advised of the premises, it

**ORDERS AND ADJUDGES** as follows:

1.    Judgment is entered in favor of Plaintiffs Patrice Baker and Laurent Lamothe;

**IT FURTHER ORDERS AND ADJUDGES**:

2.    Based upon the properly pleaded allegations of the Amended Complaint, the Court finds:

    a.   Defendant Leo Joseph operated, managed and published a website under the domain name of www.haiti-observateur.net (the "Website").

    b. Plaintiff Baker is a prominent businessman in the Southern District of Florida. Baker is known and recognized in the community and maintains a stellar reputation in the business and local community.

c.  Plaintiff Lamothe currently serves as the Prime Minister of Haiti and enjoys a stellar reputation in the political and local community in which he serves and resides. As a result of the large Haitian population which resides in this District, Plaintiff Lamothe's reputation is subject to offense and damage within the Southern District of Florida.

d.  On August 15, 2012, the Defendants published the article titled "La Haitel en vente pour 25 millions $?" on the Website and intentionally began to spread false and defamatory statements about Plaintiffs to an international and unlimited group of readers, including in Florida and Haiti.

e.  On September 5, the defendant published a second article titled: "Global Voice et SOWCI ensemble pour ruiner la TELECO" on the Website intentionally spreading further false and defamatory statements about Plaintiffs.

f.  Defendant's publications are replete with statements that are outrageous, scandalous and reminiscent of a tabloid publication.

g.  Defendant's statements included the false and defamatory statement that Plaintiffs Lamothe and Baker are orchestrating or have already profited from the sale of the telecommunications company, Haitel, by and through their affiliations with the Haitian government; the false and defamatory statement that the sale of Haitel, a Haitian telecommunications company, was somehow controlled by Plaintiff Lamothe acting both in his official capacity and as an individual; the false and defamatory statement that Lamothe transferred and/or used the center of Haitel's operations to the Haitian consulate in New York in order to influence the sale of the company; the false and defamatory statement that Lamothe and Baker have acted as broker-dealers for the sale of Haitel; the false and defamatory statement that through his connections with the Haitian president, Lamothe arranged and fixed the price for

Haitel to be sold at \$25,000,000; the false and defamatory statement that Lamothe utilized the electoral victory of Haitian president Michel Martelly to compel the sale of Haitel; the false and defamatory statement that Lamothe fixed the price of the sale of Haitel and will benefit in the form of receiving the "lion's share" of the proceeds; the false and defamatory statement that in his dealings relating to Haitel, Lamothe disregarded the safeguards of the Haitian state and government; the false and defamatory statement that Lamothe exerted pressure on Nord Citadel Capital LLC to begin issuing payments for the purchase of Haitel; and The false and defamatory statement that Lamothe is a partner of the firm SOWCI which is gaining 14 cents on each minute of international call.

h.  Defendant's statements made in the Website and through its article are entirely false and conjured to destroy the reputations of Baker and Lamothe.

i.  Defendant's statements were made with actual malice.

3.  Plaintiffs have succeeded on the merits of their defamation claim.

4.  The damage to Plaintiffs' personal, profession and political reputations represents an immediate and irreparable injury for which there is no adequate remedy at law.

5.  The balance of the potential harm to Defendant Joseph in restraining his publication of defamatory and malicious communications concerning the Plaintiffs is far outweighed by the harm to the Plaintiffs caused by the publications.

6.  Defendant Leo Joseph is hereby permanently restrained from publishing future communications to any third-parties concerning or regarding the Plaintiffs in either their professional, personal or political lives.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _6_ day of ___ y, 2013.

**URSULA UNGARO**
**UNITED STATES DISTRICT JUDGE**

Copies to:    All Counsel of Record
              Mr. Leo Joseph