UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23300-CIV-UNGARO

LAURENT LAMOTHE
and PATRICE BAKER,

      Plaintiffs,

vs.

LEO JOSEPH,

      Defendant.

_____/

### DEFENDANT'S MOTION TO SET ASIDE
### ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Defendant Leo Joseph, pursuant to Rules 60(b)(1), (4), and (6) of the Federal Rules of

Civil Procedure, moves for the entry of an Order setting aside the default [DE 23] and default

final judgment [DE 32] entered against him.

## I.      PRELIMINARY STATEMENT

After obtaining a clerk's entry of default, Plaintiffs submitted, and the Court entered, a

default final judgment that is an unconstitutional prior restraint because it purports to

permanently enjoin Defendant, a journalist, from ever publishing anything relating to the Prime

Minister of the Republic of Haiti or a prominent South Florida businessman.  For this reason, and

the other reasons addressed below, the default and default final judgment should be set aside.

## II.      INTRODUCTION

Plaintiff Lamothe is the Prime Minister of Haiti (Amended Complaint [DE 4], ¶9).

Plaintiff Baker is a "prominent businessman" in South Florida, who is known and recognized

throughout the community (*Id.*, ¶8).  Defendant, a resident of New York, is a journalist and

operator of a printed periodical and Internet website that publishes news relating to Haiti (*Id.*, ¶¶4, 10-13).

Plaintiffs' Amended Complaint purports to state against Defendant a single claim for defamation (*Id.*, ¶¶27-31).[1]  Plaintiffs allege that ten specific statements published by Defendant are false and defamatory (*Id.*, ¶17).  According to the allegations of the Amended Complaint, all ten statements relate to Plaintiff Lamothe, but only two of the ten relate to Plaintiff Baker (*Id.*). Although Plaintiffs chose not to attach to the Amended Complaint copies of the articles in which those statements were published, the subject matter of the statements allegedly is the role played by officials of the Haitian government in the sale of a telecommunications company (*Id.*).

Plaintiffs purported to serve process upon Defendant, in New York, by affixing a copy of the summons and complaint to his front door and mailing a copy to him (DE 17; DE 17-1).

Plaintiffs sought and received a clerk's entry of default against Defendant (DE 22; 23).

Plaintiffs then moved for the entry of default final judgment (DE 29).  In their motion, Plaintiffs did not come forward with any evidence relating to any actual injury, and they did not seek to recover money damages.  Instead, they asked only that the Court "issue a permanent injunction in the form of the order attached hereto . . . ."  Attached to their motion as Exhibit 2 was a proposed default final judgment (DE 29-2).  The Court signed and entered their proposed form on February 6, 2013 (DE 32).[2]

---

[1] Haiti-Observateur Group was initially named as a second defendant, but Plaintiffs voluntarily dismissed their claims against that defendant, leaving Mr. Joseph as the sole defendant (DE 26; DE 27).

[2] Under Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure, the time for Defendant to appeal the default final judgment is tolled because this motion was filed no later than twenty-eight days after the default final judgment was entered.

The default final judgment states that "[b]ased upon the properly pleaded allegations of the Amended Complaint[,]" "Plaintiffs have succeeded on the merits of their defamation claim" (*Id.*, ¶¶2-3).   Based on that "finding," the default final judgment "permanently" enjoined Defendant "from publishing future communications to any third-parties concerning or regarding the Plaintiffs in either their professional, personal or political lives" (*Id.*, ¶6).

## III.   ARGUMENT

### A.   Rule 60(b) Is The Appropriate Vehicle For Defendant's Request For Relief.

Under Rule 55(c) of the Federal Rules of Civil Procedure, a clerk's entry of default may be set aside upon a showing of good cause.   However, once default judgment is entered, the burden increases and the party seeking to set aside the default and default judgment must move under Rule 60(b) of the Federal Rule of Civil Procedure.   *See* Fed.R.Civ.P. 55(c).   Rule 60(b), in turn, sets out six grounds upon which relief may be sought.   Here, Defendant seeks relief under subsections (1), (4), and (6) of Rule 60(b).   Rule 60(b)(1) provides that relief may be provided where there was "mistake, inadvertence, surprise, or excusable neglect."   Rule 60(b)(4) applies where "the judgment is void."   Rule 60(b)(6) maybe invoked for "any other reason that justifies relief."

### B.   The Default And Default Judgment Should Be Set Aside Under Rule 60(b)(1) or (b)(6) Because Of Mistakes In The Application Of Law.

Rules 60(b)(1) and (b)(6) are mutually exclusive, in that "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)."   *See Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986).

The Eleventh Circuit has held that Rule 60(b)(1) authorizes courts to grant relief from judgments because of errors in the application of law.   *See, e.g., Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 839-40 (11th Cir. 1982).   Due to the mutually exclusive nature of Rules

60(b)(1) and (b)(6), this should mean that Rule 60(b)(1) is the sole basis for seeking relief because of errors in the application of law.

However, the Eleventh Circuit has also held that Rule 60(b)(6) – which is a "catch-all" provision and a "grand reservoir of equitable power to do justice in a particular case" – allows courts to grant relief from judgments because of errors in the application of law.  *See Nisson v. Lundy*, 975 F.2d 802, 806-07 (11th Cir. 1992) (internal quotation marks omitted).

In light of these decisions, Defendant seeks relief under Rule 60(b)(1)[3] or, alternatively, under Rule 60(b)(6).[4]  As held in *Nisson*, 975 F.2d at 806-07, regardless of whether the Court acts under Rule 60(b)(1) or (b)(6), it has the authority to "do justice" in this case by setting aside the default and default final judgment due to the following two errors in the application of the law.  First, the default final judgment is an unconstitutional prior restraint.  Second, there were no well-pleaded allegations of constitutional "actual malice" in the Amended Complaint, which means both that Plaintiffs failed to state a claim for defamation and, separately, they were not entitled to any presumption of injury.

---

[3] Defendant is aware of decisions holding that where a party seeks relief under Rule 60(b)(1), courts consider whether (1) the party has a meritorious defense, (2)  the non-defaulting party will be prejudiced if the judgment is set aside, and (3) a good reason existed for the party's failure to respond to the complaint.  However, decisions considering those three factors arise in circumstances where the defaulting party seeks relief because he or she failed to appear due to excusable neglect or mistake.  *See, e.g., Equal Employment Opportunity Commission v, Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990); *Florida Physicians Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783-84 (11th Cir. 1993).  Defendant is not aware of any decisions from the Eleventh Circuit that consider those factors where the issue is errors in the application of law.

[4] Unquestionably, "[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."  *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000).  As discussed below, the errors of law into which Plaintiffs led the Court are extraordinary by any measure.

1.      The Default Final Judgment Is An Unconstitutional Prior Restraint.

Plaintiffs asserted against Defendant a single claim under Florida law for defamation.  As the sole relief granted in connection with that claim, the default final judgment permanently enjoins Defendant from ever publishing or saying anything relating to Plaintiffs.  That is an unconstitutional prior restraint.

The First Amendment "affords special protection against orders that prohibit the publication or broadcast of particular information or commentary orders that impose a 'previous' or 'prior' restraint on speech."  *See Nebraska Press Association v. Stuart*, 427 U.S. 539, 556 (1976).  "[P]ermanent injunctions – *i.e.* court orders that actually forbid speech activities – are classic examples of prior restraints."  *See Alexander v. United States*, 509 U.S. 544, 550 (1993); *see also Cooper v. Dillon*, 403 F.3d 1208, 1215 (11th Cir. 2005) (citing *Alexander*, 509 U.S. at 553) ("A prior restraint on speech prohibits or censors speech before it can take place.  Classic prior restraints have involved judge-issued injunctions against the publication of certain information.") (internal citation omitted).  "[P]rior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment rights."  *See Nebraska Press*, 427 U.S. at 559; *see also New York Times Co. v. United States*, 403 U.S. 713, 714 (1971).

It is for this reason that courts are not permitted to enter permanent injunctions in connection with defamation claims.  *See, e.g., Demby v. English*, 667 So.2d 350, 355 (Fla. 2d DCA 1995) (quoting *United Sanitation Services, Inc. v. City of Tampa*, 302 So.2d 435 (Fla. 2d DCA 1974)) ("Finally, we address and readily dispose of the frivolous claim for injunctive relief in Count II of the complaint, i.e., the request that appellant be enjoined from 'writing or otherwise making further defamatory statements about appellee.'  It is a 'well established rule that equity will not enjoin either an actual or threatened defamation.'");  *Metropolitan Opera*

*Association, Inc. v. Local 100, Hotel Employees and Restaurant Employees Union International*, 239 F.3d 172, 177 (2d Cir. 2001) ("courts have long held that equity will not enjoin a libel").

The Court was led to erroneously apply the law when it entered the unconstitutional prior restraint proposed by Plaintiffs.  The default and default judgment should be set aside.

2.       There Are No Well-Pleaded Allegations Of Actual Malice.

Plaintiff Lamothe is the Prime Minister of Haiti (Am. Compl., ¶9).  Plaintiff Baker alleges that he is a "prominent businessman" who is known and recognized throughout South Florida (*Id.*, ¶8).  Plaintiffs acknowledge that "actual malice" is an essential element of their defamation claim because, in paragraph 22 of the Amended Complaint, they conclude that "Defendants' statements were made with actual malice."

As used in the context of defamation and the First Amendment, "actual malice" means that the person accused of defamation published false and defamatory statements with knowledge of the statements' falsity or having subjectively entertained serious doubts about their truth.  *See, e.g., Curtis Publishing Co. v. Butts*, 388 U.S. 130, 163 (1967) (Warren, C.J., concurring in the result)[5]; *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342-43 (1974); *Mile Marker, Inc. v. Petersen Publishing, LLC*, 811 So.2d 841, 845 (Fla. 4th DCA 2002); *Zorc v. Jordan*, 765 So.2d 768, 771 (Fla. 4th DCA 2000); *Palm Beach Newspapers, Inc. v. Early*, 334 So.2d 50, 51-52 (Fla. 4th DCA 1976); *Garrison v. State of Louisiana*, 379 U.S. 64, 73 (1964) ("utterances honestly believed contribute to the free interchange of ideas and the ascertainment of truth").

---

[5] Parts I and II of Chief Justice Warren's concurring opinion were joined by four other Justices, thus making those parts the majority position.  *See Butts*, 388 U.S. at 170 & 173; *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 336 n.7 (1974).

Actual malice plays at least two roles in a defamation claim.  First, if the plaintiff is a public official, public figure, or limited-purpose public figure, then he or she must plead and prove by clear and convincing evidence that the defendant published the challenged statements with actual malice.  *See, e.g., Curtis Publishing*, 388 U.S. at 164-65; *Gertz*, 418 U.S. at 342-43; *Mile Marker*, 811 So.2d at 845; *Zorc*, 765 So.2d at 771; *Early*, 334 So.2d at 51-52 (Fla. 4th DCA 1976).  Second, no category of plaintiff – not even a private individual – is entitled to a presumption of injury (or permitted to recover presumed damages) unless he or she proves actual malice.  *See, e.g., Gertz*, 418 U.S. at 348-49.

In the default final judgment, Plaintiffs led the Court to find that "[b]ased on the properly pleaded allegations of the Amended Complaint[,]" "Defendant's statements were made with actual malice" and "Plaintiffs have succeeded on the merits of their defamation claim" (DE 32 (¶¶2(i), 3)).  The problem with this "finding" is that there were no well-pleaded allegations of actual malice.

Plaintiffs did not allege any facts relating to Defendant having knowledge of the falsity of the challenged statements or having subjectively entertained serious doubts about their truth. Instead, the Amended Complaint said only that "Defendants' statements were made with actual malice," but that is *not* a well-pleaded allegation.  That is a legal conclusion – or formulaic recitation of the element of a claim – that is not entitled to an assumption of truth.  *See, e.g., Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (quoting and citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

The rule that legal conclusions contained in a pleading are not accepted as true applies with special force in the context of defaults:

> [A defaulted defendant] is not held to admit facts that are not well-pleaded or to admit conclusions of law.  Thus, before entering a default judgment for damages, the district court must assure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.

*See Tyco Fire & Security, LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (internal quotation marks omitted); *see also Cotton v. Mass. Mutual Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) ("Thus, the plaintiffs' 'well-pleaded factual allegations' regarding Mass Mutual's fiduciary status are not well-pleaded factual allegations at all; rather, they are merely the plaintiffs' own conclusions of law, which Mass Mutual is not deemed to have admitted as a result of default."); *Chudasama v. Mazda Motors Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("a default judgment cannot stand on a complaint that fails to state a claim"); *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 137 & n.23 (11th Cir. 2011) (collecting decisions and citing *Cotton*, 402 F.3d at 1278) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.").

Here, there were no well-pleaded allegations relating to actual malice; only the bare legal conclusion that Defendant published statements with actual malice.  This means that Plaintiff Lamothe (who is a public official) and Plaintiff Baker (who is at least a limited-purpose public figure) failed to state a claim for defamation, and the entry of default judgment in these circumstances was an erroneous application of law.  Separately, it also means the law was erroneously applied when the default final judgment presumed that Plaintiffs were injured and neither Plaintiff was required to come forward with evidence of actual injury.  *See, e.g., Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1265-67 (11th Cir. 2003) (affirming district

8

court's order sua sponte setting aside a default, *and* entering judgment in favor of the defaulted defendant, because the plaintiff in a defamation action did not establish actual injury or damages).  The default and default judgment should be set aside.

**C.      The Default And Default Judgment Should Be Set Aside Under Rule 60(b)(4) Because Of Insufficient Service Of Process.**

Rule 60(b)(4) provides that a court may set aside a default and default judgment where "the judgment is void."  Among the circumstances rendering a judgment void for the purposes of this rule is insufficient service of process.  *See, e.g., In re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.").  The default and default final judgment entered against Defendant should be set aside because service upon him was insufficient.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service is to be made in accordance with the laws of the state in which the court is located *or* the state in which service is made.  Additionally, Rule 4(e)(2) specifies three methods in which service may be made without regard to state law.  As applied here, this means service upon Defendant was proper if it was made in accordance with the laws of Florida (the state in which the Court is located) or New York (the state in which service was made), or in accordance with any of the methods set out in Rule 4(e)(2).  Service was not made in accordance with any of those authorities.

According to the affidavit of service (DE 17-1), process was affixed to a door at 139-68 86th Avenue, Jamaica, New York 11435, and a copy of process was mailed to that address.  This method of service – attaching a copy to a door, and then mailing a copy – is often referred to as the "nail and mail" method of service.  Florida does not permit service to be made in that manner.  *See* §§48.031, 48.161, 48.193(3), 48.194(1), Florida Statutes; *Reef Clematis LLC v.*

*Reef and Fum Bar Group LLC*, 2009 WL 5217077 at *1 (S.D. Fla. 2009) (listing ways in which Florida law permits service to be made on an individual).[6]  Rule 4(e)(2) does not permit service to be made in that manner.  That leaves New York law.

New York Civil Practice Law §308(a)(4) allows the nail and mail method to be used where, after "due diligence," personal or specified substitute service could not be accomplished. "As to what constitutes a sufficient number of service attempts to constitute due diligence, the Second Circuit has held that there 'are no rigid rules,' but that 'case law indicates that more than two attempts, including some that are during non-business hours, constitutes due diligence.'"  *See United States v. Arena*, 2007 WL 2907492 at *4 (E.D.N.Y. 2007) (quoting *S.E.C. v. Reynolds*, 1996 U.S.App. LEXIS 27423 at *5 (2d Cir. 1996)) (additional internal quotation marks omitted). Even if a defendant were to receive the documents through an inappropriate use of the nail and mail method, "'when the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents.'"  *See Raschel v. Risch*, 504 N.E.2d 389, 390 (N.Y. 1986); *see also County of Nassau v. Letosky*, 824 N.Y.S.2d 153, 154 (App. Div. 2006) (quoting *Raschel*, 504 N.E.2d at 390).

The affidavit of service (DE 17-1) contains a space for the process server to list the prior attempts that were made to serve process.  Here, the process server wrote "n/a" in that space, indicating that no prior attempts were made.[7]  As such, service under the nail and mail method

---

[6] Florida allows service through methods similar to the nail and mail method in actions for the possession of premises and in foreclosure actions.  *See* §§48.183, 48.194(2), Florida Statutes. Those statutes are inapplicable to Plaintiffs' action for defamation.

[7] One other aspect of the affidavit of service merits brief mention.  The process server wrote that a man named "John McCoy" refused to accept process.  Defendant does not know anyone named John McCoy (Declaration of Leo Joseph (Exhibit 1), ¶5).  Nobody named John McCoy resides with Defendant or has access to his home (*Id.*, ¶6).  Nobody having the physical description set out in the affidavit of service resides with Defendant or has access to his home (*Id.*, ¶¶7-8).

was insufficient, and the default and default judgment should be set aside because the judgment

is void.

### IV.    CONCLUSION

For these reasons, the default and default final judgment should be set aside.

### CERTIFICATE OF COUNSEL

Counsel for Defendant conferred with counsel for Plaintiffs prior to filing this Motion,

but counsel for the parties did not reach an agreement regarding the relief sought in this motion.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Royal Caribbean
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)


By: /s/ Scott D. Ponce
Sanford L. Bohrer (FBN 160643)
Scott D. Ponce (FBN 0169528)
Jonathan D. Stratton (FBN 93075)
Amanda J. Hill (FBN 97954)
Pedro Gassant (FBN 99771)
Email: sbohrer@hklaw.com
Email: sponce@hklaw.com
Email: jonathan.stratton@hklaw.com
Email: amanada.hill@hklaw.com
Email: pedro.gassant@hklaw.com

---

Defendant does not match the physical description set out in the affidavit of service (*Id.*, ¶9). The process server did not state on what basis he or she found John McCoy to be a person of "suitable discretion," as that term is used in New York CVPL §308(a)(2). Finally, the process server did not state in the affidavit of service that John McCoy resides with Defendant, or that John McCoy was informed of the contents of the papers he refused, which, under Florida law, makes the affidavit of service facially invalid for the purposes of substitute service under §48.031(1)(a), Florida Statutes. *See, e.g., Robles-Martinez v. Diaz, Reus, & Targ, LLP*, 88 So.3d 177, 181 n.8 (Fla. 3d DCA 2011).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 4th day of March 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

<u>/s/ Scott D. Ponce</u>

#12500862_v1