UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-23300-UU

PATRICE BAKER, an individual and
LAURENT LAMOTHE, an individual,

    Plaintiffs,

v.

HAITI-OBSERVATEUR GROUP, an unknown business entity, and LEO JOSEPH, an individual,

    Defendants.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiffs Patrice Baker and Laurent Lamothe, pursuant to Local Rule 7.1(c), file their memorandum of law in opposition to Defendant Leo Joseph's ("Joseph") Motion to Set Aside Entry of Default and Default Judgment [DE 34] and state:

**I.      INTRODUCTION**

Defendant's Motion to Vacate the Default Judgment must be denied on the grounds that Joseph was properly served in this matter with the Amended Complaint stating a cause of action for defamation and the Default Final Judgment did not misapply Florida law. Plaintiffs properly effected service of process upon Defendant Joseph which he opted to ignore and consequently failed to respond as required by law. For the arguments stated herein, Defendant's Motion to Set Aside Entry of Default and Default Judgment must be denied.

## II.  ARGUMENT

A party seeking to set aside a default judgment pursuant to Rule 60(b) must demonstrate: (1) that the party has a meritorious defense; (2) the plaintiff would not be prejudiced if the judgment would be set aside; and (3) a good reason existed for the party's failure to respond to the complaint. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922 (11th Cir. 2007).  Vavacting a judgment on grounds of mistakes in the application of law are squarely encompassed within the Rule and subject to the same standard. *See Oliver v. Home Indemnity Co.*, 470 F.2d 329, 330 (5th DCA 1972).  Defendant Joseph has no meritorious defense as the statements he published were patently false and he willfully failed to appear despite having knowledge of the Complaint filed against him.  As set forth herein, Defendant Joseph was aware of the impending lawsuit, altered his name when a process server appeared at his doorstep to serve the lawsuit, has made statements indicating his awareness of the lawsuit and only sought to set aside once an injunction was properly entered by the Court.  Last, Plaintiff's would be prejudiced in having the judgment set aside by replicating their efforts in a litigation for which the Court has already entered judgment.

     **A.**    **The final default judgment is based on proper legal grounds as the Plaintiffs properly pleaded a claim for defamation and injunctive relief.**

1.    <u>Actual malice was pleaded by the Plaintiffs.</u>

Defendant's assertion that there are no well-pleaded allegations of actual malice is patently incorrect.  In order to state a claim for relief, a complaint must contain sufficient factual matter to be accepted as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Plaintiff has properly pleaded a claim for defamation and, more specifically, demonstrated its element of

2

actual malice.  Actual malice is properly pleaded when the complaint lists the defamatory statements and alleges that they were made with knowledge of their falsity or with reckless disregard for the truth.  *See Levy v. Steven A. Lerman & Associates, Inc.*, 2011 U.S. Dist. LEXIS 79560 (S.D. Fla. 2011).  Plaintiffs meet the first prong of pleading actual malice by referring to a series of statements in the Amended Complaint which establish their basis for defamation.  Specifically, Plaintiffs list statements made by the Defendants that:

- Plaintiffs Lamothe and Baker are orchestrating or have already profited from the sale of the telecommunications company, Haitel, by and through their affiliations with the Haitian government;  Am. Compl. ¶17(a) [DE 4]

- Haitel, a Haitian telecommunications company, was somehow controlled by Plaintiff Lamothe acting both in his official capacity and as an individual; *Id*. ¶17(b)

- Lamothe transferred and/or used the center of Haitel's operations to the Haitian consulate in New York in order to influence the sale of the company; *Id*. ¶17(c)

- Lamothe and Baker have acted as broker-dealers for the sale of Haitel; *Id*. ¶17(d)

- Lamothe arranged and fixed the price for Haitel to be sold at $25,000,000; *Id*. ¶17(e)

- Lamothe utilized the electoral victory of Haitian president Michel Martelly to compel the sale of Haitel; *Id*. ¶17(f)

- Lamothe fixed the price of the sale of Haitel and will benefit in the form of receiving the "lion's share" of the proceeds; *Id*. ¶17(g)
- Lamothe disregarded the safeguards of the Haitian state and government; *Id*. ¶17(h)

- Lamothe exerted pressure on Nord Citadel Capital LLC to begin issuing payments for the purchase of Haitel; Am. Compl. ¶17(i); and

- Lamothe is a partner of the firm SOWCI which is gaining 14 cents on each minute of international call. Am. Compl. ¶17(j).

These statements are properly pleaded to establish actual malice.  Moreover, there exists a presumption of injury to the Plaintiffs as the defamatory statements made malign their position and professional competence and their fitness to engage in their profession.  *See Dubai World*

3

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

*Corp. v. Exomos*, 2011 U.S. Dist. LEXIS 12554 (S.D. Fla. 2011).  Notwithstanding the presumption of actual malice granted in the nature of Defendant's publication, Plaintiffs meet the second prong of pleading actual malice by alleging that the "Defendants' statements made in the Website and through its articles are entirely false and conjured to destroy the reputations of Baker and Lamothe."  *See* Am. Compl. ¶18 [DE 4].

2.  <u>Prior restraint of defamatory speech in not unconstitutional and was proper relief under Florida law.</u>

Florida courts have acknowledged that circumstances in which an offending party poses an interference with another's business provides an exception to the general rule against injunctive relief and a prior restraint on speech.  *See Zimmerman v. D.C.A. at Welleby, Inc.*, 505 So.2d 1371 (Fla. 4th DCA 1987)(where there are independent grounds for invoking ; *see also Murtagh v. Hurley*, 40 So.3d 62 (2nd DCA 2010).

Plaintiffs moved the Court for an order enjoining Defendant from publishing further defamatory content on its online newspaper which would cause continued damage to Baker's stellar reputation in the business and local community and Lamothe's reputation in the political and local community in which he serves.  See Renewed Motion for Injunction at ¶¶2,3 [DE 18].  Following the filing of Plaintiffs' Complaint, Defendant published a second article alleging, *inter alia*, that Plaintiffs and their companies were the subject of a criminal investigation in the United States for money laundering and tax evasion.  Plaintiffs further alleged and supported by affidavit, that such statements have degraded and injured, and continue to degrade and injure, the Plaintiffs, their good names, their reputations, and their standing in their respective political and personal communities.  *See* Baker Aff. at ¶ 24 [DE 18-1].  However, Defendant never contested

the allegations of the Complaint or the motion for injunction because Defendant failed to appear in this matter.

The damages properly alleged to be suffered by Plaintiffs are the type encompassed by the Zimmerman court – where there is difficulty in quantifying the damages suffered and would be speculative and unascertainable. *See Zimmerman* at 1373. To support the entry of injunctive relief it is sufficient for the record to reflect an inference that the defendant's conduct had an adverse effect on the relationships of the plaintiff. *Id*. Here, Plaintiffs have made such a demonstration not only in their complaint but also in the motion for injunctive relief, which followed the publication of at least one more defamatory article by the Defendant, and their supporting affidavits both the motion for injunction and in support of the entry of final default judgment.

**B.    Defendant Joseph was properly served**

Service of process was proper under New York State law and in accordance with Florida law. Service of process on Defendant Joseph commenced in November 2012 and continued until January 23, 2013. Plaintiffs took various measures to assure that the individual they were attempting to serve. Armed with a photograph of Defendant Joseph, a first attempt was made on November 30, 2012. No one was present at the first attempt at Defendant Joseph's home. On December 1, 2012, an individual matching the physical description and appearance of Defendant Joseph answered the door at Defendant Joseph's home. *See* Service Aff. [DE 17-1]. The individual identified himself as John McCoy, a tenant of the residence. *See* Supp Aff. of Mladinich. Having the advantage of knowing Defendant Joseph's physical appearance, the process server attempted to hand the Complaint and summons to "Mr. McCoy" which refused to

accept them. *Id*. Instead, the process server was able to place the documents in the home prior to "Mr. McCoy closing the door. A second set of the Complaint and summons were posted on the door to Defendant Joseph's residence and copies were mailed to the address of service. *Id*. Defendant Joseph has now acknowledged by affidavit that no one by the name of "Mr.McCoy" resides at his home, which leads to the inevitable conclusion that Defendant Joseph was evading service when he refused to properly identify himself and accept valid service of process. *See* Joseph Aff. at ¶¶5, 6 [DE 34-1]. Moreover, Joseph has been quoted in his publications that upon receiving notice of the lawsuit he assumed it to be "a joke" and did not merit a response. *See* March 5, 2013 Broward New Times Article attached hereto as **Exhibit A.** Defendant Joseph's outright refusal to respond to the Amended Complaint and give it due respect warrants the denial of his motion to vacate. *See EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524 (11th Cir. 1990) (holding the refusal to vacate a default as proper and that the rules of civil procedure should be construed to secure, just, speedy and inexpensive determination in actions which defendants would ignore as "petty" complaints when more "pressing" matters command attention). Accordingly, this Court should not exercise discretion in vacating the Judgment entered against Joseph for failing to file a responsive pleading in this matter.

### III.   CONCLUSION

For the reasons stated herein, the Defendant's Motion to Set Aside Entry of Default and Default Judgment must be denied.

RESPECTFULLY SUBMITTED,

/s/ Miguel Armenteros
J. Ronald Denman (863475)
jrdenman@pbyalaw.com
Miguel Armenteros (0014929)
miguel@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2013, a copy of the above and foregoing was served

via the Court's CM/ECF System upon:

Scott D. Ponce, Esq.
Sanford L. Bohrer, Esq.
Jonathan D. Stratton, Esq.
Amanda Hill, Esq.
Pedro Gassant, Esq.
HOLLAND & KNIGHT LLP
701 Brickell Avenue; Suite 3000
Miami, FL 33131
*Attorneys for Defendant*

/s/Miguel Armenteros
Counsel of Record