UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23300-CIV-UNGARO

LAURENT LAMOTHE
and PATRICE BAKER,

      Plaintiffs,

vs.

LEO JOSEPH,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves for the entry of an Order dismissing with prejudice the Second Amended Complaint (the "SAC") [DE 53] because it fails to state a claim.  The Grounds for this Motion are:

### I.      INTRODUCTION

Plaintiff Lamothe is the Prime Minister of Haiti (SAC, ¶8).  Plaintiff Baker is a "prominent businessman" in South Florida, who is known and recognized throughout the community (*Id.*, ¶7).  Defendant, a resident of New York, is a journalist and operator of a newspaper and Internet website that publishes news relating to Haiti (*Id.*, ¶¶3, 9-12).

Plaintiffs allege that statements contained in newspaper and Internet articles published by Defendant on August 15, 2012, September 5, 2012, January 16, 2013, and April 17, 2013 are false and defamatory (*Id.*, ¶¶13-15).  Plaintiffs did ***not*** attach copies of the articles to the SAC.  Plaintiffs did ***not*** quote the allegedly defamatory statements in the SAC.  Instead, paragraph 17 of the SAC purports to describe the defamatory meaning that Plaintiffs ascribe to the unidentified and allegedly false statements.

The SAC contains two counts, each of which is premised upon Defendant's publication of the allegedly false and defamatory statements.  Count I purports to state a claim for defamation. Count II purports to state a claim for "tortious interference with advantageous relationships." Plaintiffs have failed to state a claim for either, and the SAC – which is Plaintiffs' third pleading – should be dismissed with prejudice.

## II.     ARGUMENT

### A.     The Applicable Pleading Standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*See id.* (quoting *Twombly*, 550 U.S. at 557) (internal citation omitted); *see also Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (quoting and citing *Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544).

As to the type of allegations that are accepted as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *See Iqbal*, 556 U.S. at 678; *see also Mamani*, 654 F.3d at 1153 ("Legal conclusions without adequate factual support are entitled to no assumption of truth.").

Additionally, the notion that the discovery process can be used to fill in or otherwise provide notice of facts that are missing from a deficient complaint has been flatly rejected by the

Supreme Court.  *See Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management, given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.") (internal citation and quotation marks omitted).  Put simply, the applicable pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *See Iqbal*, 556 U.S. at 678-79.

**B.      Count I, For Defamation, Fails To State A Claim.**

Count I purports to state a claim under Florida law for defamation premised upon statements contained in newspaper and Internet articles published by Defendant.  There are two reasons Count I should be dismissed with prejudice for failure to state a claim.

1.      Plaintiffs Have Failed To Identify The Statements At Issue.

Count I is premised upon written statements contained in articles published by Defendant (SAC, ¶¶10, 11, 13-15).  Plaintiffs, however, did not quote the specific statements upon which the claim is premised and they did not attach copies of the relevant articles to the SAC.  This cannot be deemed mere oversight in light of the fact that they failed to do the same things in connection with their initial and first amended complaints [DE 1; DE 4].  Regardless, a claim for defamation that does not identify the specific written statements claimed to be false and defamatory – and further fails to attach copies of the articles in which the statements are contained – does not satisfy the applicable pleading requirements.

Not only does Plaintiffs' failure in this regard deprive Defendant of notice of the specific statements on which he is being sued, but it also makes it impossible for the Court to discharge its obligation to resolve, in the first instance, the legal question of whether the statements upon

which Plaintiffs are suing are capable of defamatory meaning.  *See, e.g., Belli v. Orlando Daily Newspapers, Inc.*, 389 F.2d 579, 583 (5th Cir. 1968); *Silvester v. American Broadcasting Companies*, 650 F.Supp.2d 766, 770 (S.D. Fla. 1986) ("Under Florida law, the statement at issue in a libel suit must be reasonably capable of a defamatory interpretation.  This determination is to be made by the court in the first instance . . . .").  In making this determination, courts must consider not only the statements, themselves, but also the context in which the statements appear in the articles.  *See, e.g., Byrd v. Hustler Magazine*, 433 So.2d 593, 595 (Fla. 4th DCA 1983); *Smith v. Cuban American National Foundation*, 731 So.2d 702, 705 (Fla. 3d DCA 1999).

By failing to identify the statements and attach copies of the articles, Plaintiffs are attempting to avoid dismissal by circumventing the initial determination of whether the statements are capable of defamatory meaning.  *See Byrd*, 433 So.2d at 595 (quoting *Wolfson v. Kirk*, 273 So.2d 774, 778 (Fla. 4th DCA 1973)) ("'Where the court finds that a communication could not possibly have a defamatory or harmful effect, the court is justified in . . .  dismissing the complaint for failure to state a cause of action . . . .'").  Thus, although paragraph 17 of the SAC sets out the defamatory interpretation Plaintiffs attach to the unidentified statements, those allegations are meaningless where the underlying statements and the articles in which they appear are not part of the complaint.

Count I should be dismissed with prejudice because it fails to state a claim.

2.      Plaintiffs Have Failed To Plead Actual Malice.

Plaintiff Lamothe (a public official) and Plaintiff Baker (a public figure) must establish, by clear and convincing evidence, that Defendant acted with constitutional actual malice, which is a subjective standard requiring Defendant to have published the unidentified statements with knowledge of their falsity or with reckless disregard of the truth.  *See, e.g., Curtis Publishing Co.*

*v. Butts*, 388 U.S. 130, 163 (1967) (Warren, C.J., concurring in the result)[1]; *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342-43 (1974); *Mile Marker, Inc. v. Petersen Publishing, LLC*, 811 So.2d 841, 845 (Fla. 4th DCA 2002); *Zorc v. Jordan*, 765 So.2d 768, 771 (Fla. 4th DCA 2000); *Palm Beach Newspapers, Inc. v. Early*, 334 So.2d 50, 51-52 (Fla. 4th DCA 1976); *Garrison v. State of Louisiana*, 379 U.S. 64, 73 (1964) ("utterances honestly believed contribute to the free interchange of ideas and the ascertainment of truth").

Here, Plaintiffs are proceeding *solely* under the theory that Defendant had knowledge of the alleged falsity; they do <u>not</u> allege that Defendant published the unidentified statements with reckless disregard of the truth (SAC, ¶¶18-21, 34).

As with any element of a claim, *Twombly*, *Iqbal*, and their progeny require Plaintiffs to plead facts supporting the existence of actual malice. *See, e.g., Mayfield v. National Association for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377-78 (4th Cir. 2012) (affirming dismissal of defamation claim where the plaintiff failed to sufficiently plead actual malice); *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 56, 58 (1st Cir. 2012) (same).  Thus, having chosen to proceed on the "knowledge" aspect of actual malice, Plaintiffs must plead sufficient factual matter relating to Defendant having published the unidentified statements with subjective, actual knowledge of their supposed falsity.  Plaintiffs, however, did *not* plead any such facts.

Instead, Plaintiffs have attempted to meet their pleading burden by alleging that the truth is so well-known that Defendant *should have known* that the unidentified statements were false. Specifically, Plaintiffs allege that the facts establishing the falsity of the statements are common

---

[1] Parts I and II of Chief Justice Warren's concurring opinion were joined by four other Justices, thus making those parts the majority position.  *See Butts*, 388 U.S. at 170 & 173; *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 336 n.7 (1974).

and public knowledge, known by someone with whom Defendant has a relationship, and/or are ascertainable from ongoing legal proceedings in Haiti (SAC, ¶¶18-21, 34).  These allegations fail for two reasons.

First, they fail at the threshold because Plaintiffs do not allege any factual matter supporting their conclusion that the "true" facts are well-known.

Second, the allegations fail because actual malice focuses on ***Defendant's*** subjective knowledge, not what the public, Defendant's acquaintances, or observers of Haitian legal proceedings might know, and allegations of negligence – that Defendant should have known or discovered the truth – are not sufficient to plead actual malice.  *See, e.g., Meisler v. Gannett Co., Inc.*, 12 F.3d 1026, 1030 (11th Cir. 1994) (evidence that potential falsity was "common knowledge" in the industry was insufficient to establish actual malice because nothing indicated that the defendants "acted with knowledge of the article's falsity" and, "[a]t best, the defendants' actions were negligent; negligence is not the appropriate standard for proving actual malice"); *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964) (actual malice was not established where there was evidence that materials in the newspaper's own files established the falsity of the publication at issue); *Herbert v. Lando*, 596 F.Supp. 1178, 1187 (S.D.N.Y. 1984) *affirmed in part and reversed in part on other grounds* 781 F.2d. 298 (2d Cir. 1986) ("The element of subjective awareness is critical to [actual malice].  It is not sufficient for a public figure plaintiff to prove that the defendant publisher, judged by the objective standard of the reasonable man, should have known that the defamatory statement was false; or that further investigation would have revealed the falsity.");[2] *F&J Enterprises, Inc. v. Columbia Broadcasting Systems, Inc.*, 373

_____

[2] The circuit court reversed the portion of the district court's order finding that actual malice had been established with respect to some of the statements at issue.

F.Supp. 292, 299 (N.D. Ohio 1974) ("The test is not whether a defendant would have or should have known, but rather whether the defendant did in fact have knowledge of falsity . . . and did in fact make a statement with calculated falsehood.").

Count I should be dismissed because it fails to state a claim.  The dismissal should be with prejudice because the Court dismissed Plaintiffs' prior defamation claim due to their failure to plead actual malice [DE 49] and, with Plaintiffs having again failed to sufficiently plead actual malice, there is "no reason to believe the third time will be a charm."  *See Costa v. Celebrity Cruises Inc.*, 768 F.Supp.2d 1237, 1242 (S.D. Fla. 2011) *affirmed* 470 F.App'x 726 (11th Cir. 2012).

**C.      Count II, For Tortious Interference, Fails To State A Claim.**

Count II purports to state a claim under Florida law for tortious interference with advantageous business relationships.  Count II should be dismissed with because it is barred by the single publication rule and, separately, it fails to sufficiently allege the requisite elements of the claim.

        1.      Count II Is Barred By The Single Publication Rule.

Count II is for tortious interference.  The conduct giving rise to Count II is the publication of the allegedly false and defamatory statements (SAC, ¶¶13-15, 36, 42, 43, 45).  The same publication of the same allegedly false and defamatory statements also is the subject of the defamation claim in Count I (SAC, ¶¶13-15, 31-35).   Where, as here, a claim for defamation fails, the single publication rule bars a claim for tortious interference that is based upon the publication of the same allegedly false and defamatory statements.

Under Florida law, the publication of allegedly defamatory statements gives rise to a single claim for defamation, and "[t]he various injuries resulting from it are merely items of

damage arising from the same wrong." *See Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp.*, 831 So.2d 204, 208 (Fla. 4th DCA 2002); *see also Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So.2d 607, 609 (Fla. 4th DCA 1975) (claims in addition to a claim for defamation "are nothing more than separate elements of damage flowing from the alleged wrongful publications."). As such,

> The [single publication] rule is designed to prevent plaintiffs from circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm. . . . Thus, if the defamation count fails, the other counts based on the same publication must fail as well because the same privileges and defenses apply.

*See Callaway*, 831 So.2d at 208 (quoting *Messenger v. Gruner + Jahr USA Publishing*, 994 F.Supp. 525, 531 (S.D.N.Y. 1998)); *see also Ovadia v. Bloom*, 756 So.2d 137, 140-41 (Fla. 3d DCA 2000) (citing *Sentinal Star*, 316 So.2d at 609) ("the single publication/single action rule does *not* permit multiple actions to be maintained when they arise from the same publication upon which a failed defamation claim is based") (emphasis in original). The rule thus bars claims for tortious interference that are premised upon the same publication as a failed claim for defamation. *See Callaway*, 831 So.2d at 207-08 (single publication rule bars claim for tortious interference); *Ovadia*, 756 So.2d at 140 (same); *Sentinal Star*, 316 So.2d at 609.

Here, Counts I and II are premised upon the same publication of the same allegedly false and defamatory statements. Because, as discussed above, Count I fails to state claim for defamation, the single publication rule bars the claim for tortious interference contained in Count II. Count II should be dismissed with prejudice.

2. Plaintiffs Failed To Allege The Elements Of The Claim.

Even if Count II were not barred the single publication rule, it would nonetheless have to be dismissed because Plaintiffs have failed to allege the elements of the claim.

> Under Florida law, the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff.

*See International Sales & Service, Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2002) (citing *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla. 1994)).  Plaintiffs have failed to sufficiently allege at least two of those elements.

As part of the <u>first</u> element, "the plaintiff must prove a business relationship with identifiable customers."  *See Ferguson Transportation, Inc. v. North American Van Lines, Inc.*, 687 So.2d 821, 821 (Fla. 1997).  Neither Plaintiff Baker nor Plaintiff Lamothe identifies any person or entity with whom either has a business relationship.  Plaintiff Baker alleges he "maintains business contracts throughout the world and conducts . . . business with various governmental entities" and has "several business contracts" (SAC, ¶¶38-39).  Plaintiff Lamothe alleges that, as Prime Minister, he must maintain "political relationships" with his "domestic and foreign counterparts" (SAC, ¶¶39-40).

Allegations such as those – which do not identify anyone – are insufficient to plead the first element.  *See Coach Services, Inc. v. 777 Lucky Accessories, Inc.*, 752 F.Supp.2d 1271, 1273 (S.D. Fla. 2010) (dismissing claim for tortious interference because it failed to identify the relationships, and alleging the existence of "'various customers' is too vague and abstract to satisfy the first element of a tortious interference claim"); *Geller v. Von Hagens*, 2010 WL 4867540 at *4 (M.D. Fla. 2010) ("This means that the Plaintiffs' complaint has to indicate which business relationships Defendants allegedly interfered with; it is not sufficient to state that Defendants interfered with the relationships between Plaintiffs and unidentified museums,

galleries, art and science institutes.").[3]   Count II should be dismissed with prejudice because Plaintiffs have failed to sufficiently plead the first element.[4]

The third element relates to causation.  *See Fiberglass Coatings, Inc. v. Interstate Chemical, Inc.*, 16 So.3d 836, 838 (Fla. 2d DCA 2009).  This element requires, among other things, that Defendant have "'manifested a specific intent to interfere with the business relationship.'"  *See id*; *see also Romika-USA, Inc. v. HSBC Bank USA, Inc.*, 514 F.Supp.2d 1334, 1339 (S.D. Fla. 2007) (quoting *Alphamed Pharmaceuticals Corp. v. Arvida Pharmaceuticals, Inc.*, 391 F.Supp.2d 1148, 1165 (S.D. Fla. 2005)) (the defendant "must have" "'the intent to damage the business relationship'").  Nowhere in the SAC do Plaintiffs allege – not even in a conclusory manner – that Defendant manifested a specific intent to interfere with Plaintiffs' business relationships.  As such, Plaintiffs have failed to state a claim for tortious interference.

Finally, regardless of whether it is part of the third element (relating to causation) or the fourth element (relating to damages), Defendant must have induced the unidentified third parties to have breached, severed, ended, or otherwise not completed their business relationships with Plaintiffs.  *See, e.g., St. Johns River Water Management District v. Fernberg Geological Services, Inc.*, 784 So.2d 500, 505 (Fla. 5th DCA 2001) (citing and quoting *Gossard v. Adia*

---

[3] To the extent that specifically identifying relationships is a substantive requirement of Florida law, and not an issue of pleading under the Federal Rules of Civil Procedure, the result is no different.  *See Botrell v. White Mountains Insurance Group, Ltd.*, 2 So.3d 1041, 1048 (Fla. 4th DCA 2009).

[4] It is worth noting the absurdity of the notion that a sitting prime minister can assert a claim for tortious interference with a business relationship.  The first element of the claim requires a "business relationship" in which the plaintiff has "existing or prospective legal rights."  What "business relationship" does a prime minister have with other countries' diplomats?  What "legal rights" does a prime minister have with respect to his dealings with foreign diplomats?  If diplomatic activities between nations were somehow capable of creating legally protectable business relationships, why would the relationship belong to the diplomat and not the nation he or she represents?  There simply is no good faith basis for Plaintiff Lamothe's assertion of this claim.

*Services, Inc.*, 723 So.2d 182 (Fla. 1998)) (the defendant must cause "one party to breach or sever the business relationship"); *Ethan Allen, Inc. v. Georgetown Manner, Inc.*, 647 So.2d 812, 815 (Fla. 1995) (describing the requisite relationship or understanding as one that "in all probability *would have been completed* if the defendant had not interfered") (emphasis added).

Plaintiffs do *not* allege that any of their unidentified relationships have ended, much less as a result of Defendant's publication of the supposedly false and defamatory statements. Plaintiffs' allegations that Defendant's publications have caused unidentified people to ask Plaintiffs whether they have acted inappropriately (SAC, ¶¶42-43) are *not* allegations that business relationships have ended.  Plaintiffs have thus failed to state a claim for tortious interference.

Count II should be dismissed because it fails to state a claim, and the dismissal should be with prejudice because Plaintiffs have already filed three complaints and there is no basis for granting them leave to file a fourth.

### III.    CONCLUSION

For these reasons, the SAC should be dismissed with prejudice.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)


By: /s/ Scott D. Ponce
Sanford L. Bohrer (FBN 160643)
Scott D. Ponce (FBN 0169528)
Jonathan D. Stratton (FBN 93075)
Amanda J. Hill (FBN 97954)
Pedro Gassant (FBN 99771)
Email: sbohrer@hklaw.com
Email: sponce@hklaw.com
Email: jonathan.stratton@hklaw.com
Email: amanada.hill@hklaw.com
Email: pedro.gassant@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.


/s/ Scott D. Ponce


#22973456_v1