UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-23300-UU

PATRICE BAKER and
LAURENT LAMOTHE

        Plaintiffs,

v.

LEO JOSEPH,

        Defendant.
_____/

## ORDER ON MOTION

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss the Second Amended Complaint. D.E. 54.

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

On September 11, 2012, Plaintiffs Patrice Baker, a "prominent businessman" in South Florida, and Laurent Lamonthe, the Prime Minister of Haiti, commenced the present case against Defendant Leo Joseph. D.E. 1. On September 12, 2012, Plaintiffs filed an amended complaint that was substantially similar to their initial complaint. *See* D.E. 1; D.E. 4. Both complaints were single-count actions, alleging defamation based on statements that Defendant published in multiple news articles that appeared in a printed periodical and on an Internet website.[1] *Id*. On January 16, 2013, the Clerk of the Court entered a default against Defendant for failure to appear, answer or otherwise plead to the complaint within the

---

[1] Initially, Plaintiffs named Haiti-Observateur Group (HOG), "an unknown business entity and the alter ego of Defendant Leo Joseph", but later dismissed this Defendant. D.E. 1 ¶ 3, D.E. 4 ¶ 3; D.E. 26; D.E. 27.

time required by law. D.E. 23. On February 6, 2013, upon Plaintiffs' motion, the Court entered a final default judgment against Defendant. D.E. 32. Without having the benefit of a response from Defendant, the final default judgment found that Defendant's statements were made with actual malice and constituted defamation and permanently enjoined Defendant from publishing future communications regarding the Plaintiffs in their professional, personal or political lives. *Id*.

On March 4, 2013, Defendant moved to set aside the entry of default and final default judgment against Defendant. D.E. 34. In addition to contending that service of process had been insufficient, Defendant argued that the judgment was improper because there were no well-pleaded allegations of actual malice in Plaintiffs' amended complaint and because the permanent injunction amounted to an unconstitutional prior restraint on Defendant's right to freedom of speech under the First Amendment. *Id*. Plaintiffs opposed the motion on all grounds. D.E. 43.

In its Order on Defendant's motion to set aside the entry of default and final default judgment, the Court addressed first the sufficiency of process against Defendant in order to determine whether the default was valid. D.E. 49. Having found that service was insufficient, the Court granted Defendant's motion and vacated the default and default judgment. *Id*. In the interests of judicial economy, the undersigned then addressed the remaining challenges to the default judgment. Here, the Court concluded that Plaintiff's amended complaint asserted a legal conclusion – "Defendants' statements were made with actual malice" – and not a well-pleaded allegation as required under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Id*. Accordingly, the Court ordered Plaintiffs to file a second

2

amended complaint, alleging facts in support its allegation of actual malice. *Id.*[2]

On April 19, 2013, Plaintiffs filed their second amended complaint. D.E. 53. In furtherance of its claim of actual malice, Plaintiffs added the following four "general" allegations:

> 18. Defendant has knowledge that the above-referenced statements are false as it widely known and common knowledge within Haiti and the Haitian community residing in the United States that Haitel was never sold, let alone manipulated for sale by Plaintiffs Lamothe and Baker.
>
> 19. Defendant also has knowledge of the falsity of the statements by way of his relationship, that being of a business nature and/or creditor/debtor, with the majority owner of Haitel.
>
> 20. Defendant has knowledge that Haitel's assets were frozen by the Haitian government as a result of back taxes owed and for operating without the proper licenses. In as much, the Haitian government has ongoing proceedings to complete the seizure of Haitel's assets which would preclude a sale to a third-party as falsely stated by Joseph.
>
> 21. Defendant has knowledge that Plaintiffs Lamothe and Baker did not profit from Haitel as the company was never sold.

D.E. 53 ¶¶ 18–21. Reflecting the added assertions quoted above, Plaintiffs further alleged in the defamation count itself:

> 34. Defendant knew statements published on the Website regarding Plaintiffs were false as a the (*sic*.) Underlying information was widely known to the general public, including the non-sale of Haitel, and as a result of Defendant Joseph's relationship with the majority shareholder of Haitel.

*Id.* ¶ 34.[3]

Although the amended complaint included new allegations concerning Defendant's knowledge,

---

[2] As to the injunctive relied granted in the default final judgment, the Court noted that as the amended complaint did not ask for an injunction, one should not have been entered for that reason. D.E. 49. Based on the well-settled rule prohibiting injunctive relief in defamation cases, the Court directed Plaintiffs that they must include specific facts which would warrant injunctive relief should they seek an injunction in their second amended complaint. *Id.*

[3] This replaced a paragraph in the earlier complaint that had alleged, more generically, that "Defendants knew or should have known that the statements published on the Website regarding Plaintiffs were false." D.E. 4 ¶ 30.

Plaintiffs did not attach copies of the news articles containing the allegedly defamatory statements. D.E. 53. Plaintiffs' previously filed complaints also failed to include these news articles. D.E. 1; D.E. 4. And as with the previous complaints, the second amended complaint summarizes – without directly quoting – the allegedly defamatory statements. D.E. 53 ¶ 17; D.E. 4 ¶ 17; D.E. 1 ¶ 17. Finally, Plaintiffs' second amended complaint added a count for "tortious interference with advantageous relationships." D.E. 53.

On April 25, 2013, Defendant moved to dismiss both counts in Plaintiffs' second amended complaint with prejudice. D.E. 54. Plaintiffs failed to file a timely response. Instead, on the response deadline, Plaintiffs moved for an extension. D.E. 58. The Court denied the extension and advised the parties that the briefing period for Defendant's motion to dismiss was closed and that a separate order would be entered on the motion. D.E. 59.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pr. 8(a)(2). While the court at this stage of the litigation must accept the Plaintiff's well pleaded allegations as true, it need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–68 (2009). Legal conclusions must be supported by "enough facts to raise a reasonable expectation that discovery will reveal evidence." *Twombly*, 550 U.S. 544, 545 (2007). Fed. R. Civ. Pr. 8(a)(2).

In practice, to survive a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 668 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citation omitted). Determining whether a complaint states a plausible claim for relief is a "context-specific undertaking that requires the court to draw on its judicial experience and common sense." *Id*. at 679 (citations omitted).

### III. DISCUSSION

A. Count I – Defamation

Defendant argues that the defamation count in Plaintiffs' second amended complaint should be dismissed for two reasons: first, because Plaintiffs have failed to attach copies of the articles containing the allegedly defamatory statements; and second, because Plaintiffs have failed to plead actual malice. The undersigned addresses these arguments in turn.

1. Failure to identify

As to Defendant's first argument, the Court concurs for the reasons stated below that the second amended complaint is defective both because Plaintiffs did not attach the relevant articles and because Plaintiffs merely summarize the allegedly defamatory statements. However, the Court declines to dismiss Plaintiffs' second amended complaint with prejudice on these grounds, as suggested by Defendant, because Plaintiffs have not been afforded an opportunity to cure this particular defect.[4] *See Costa v. Celebrity Cruises Inc.*, 768 F. Supp. 2d 1237, 1242 (S.D. Fla. 2011) (dismissing complaint with prejudice

---

[4]In its motion to set aside the default and default judgment, Defendant did not argue that Plaintiff's complaint was defective because it did not attach the relevant articles. D.E. 34. And the Court did not address the issue in its Order setting aside the default. D.E. 49.

where Plaintiff had a chance to amend complaint in the face of a "similar" motion to dismiss), *aff'd* 470 F. App'x 726 (11th Cir. 2012).

The "old" Fifth Circuit has interpreted Florida and general law to require the district court "in the first instance to determine whether the words are reasonably capable of a particular interpretation, or whether they are necessarily so; it is then for the jury to say whether they were in fact understood as defamatory." *Belli v. Orlando Daily Newspapers, Inc.*, 389 F.2d 579, 583 (5th Cir. 1967);[5] *see also Silvester v. American Broad. Cos.*, 650 F.Supp. 766, 770 (S.D. Fla. 1986) ("Under Florida law, the statement at issue in a libel suit must be reasonably capable of a defamatory interpretation. This interpretation is to be made by the court in the first instance ...."). In making this determination, courts must consider the actual statements as well as the context in which the statements appeared in published form. *See, e.g., Byrd v. Hustler Magazine*, 433 So.2d 593, 595 (Fla. 4th DCA 1983); *Smith v. Cuban American National Found.*, 731 So.2d 702, 705 (Fla. 3d DCA 1999).

Here, the Court cannot make the initial determination as to whether the statements are capable of a defamatory meaning because Plaintiffs have failed to submit the actual statements and copies of the articles where they appeared. *See Byrd*, 433 So. 2d at 595 ("Where to court finds that a communication could not possibly have a defamatory or harmful effect, the court is justified in ... dismissing the complaint for failure to state a cause of action ....") (citations omitted). And although the Court cannot undertake its initial determination without the actual statements or their surrounding context, the undersigned further advises Plaintiffs that certain of the challenged statements, albeit in summarized form, are not clearly defamatory. For example the statement that "Lamothe and Baker have acted as

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

broker-dealers for the sale of Haitel," D.E. 17f., does not appear, on its face, to be defamatory in nature.

        2. Actual malice

Additionally, Defendant argues that Plaintiffs' defamation claim fails because it does not include sufficient factual allegations necessary to support Plaintiffs' assertion that Defendant acted with actual malice. In support, Defendant maintains, correctly, that in defamation cases brought by public officials or public figures, plaintiffs must allege that the allegedly defamatory statements were made with actual malice, that is, with knowledge that the statements were false or with reckless disregard of the statements' falsity. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279–83 (1964) (public officials); *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 154–55 (1967) (public figures). Defendant then asserts, without referring to any of the facts alleged in the operative complaint or to case law, that Baker is a public figure.[6] But even if the Court were to maintain that Plaintiffs must allege facts supporting the conclusion that Defendant acted with knowledge that the challenged statements were false or with reckless disregard for the truth, the undersigned would not dismiss the operative complaint with prejudice because of the allegation in paragraph 19, which Defendant's motion to dismiss does not address: "Defendant also has knowledge of the falsity of the statements by way of his relationship, that being of a business nature and/or creditor/debtor, with the majority owner of Haitel." D.E. 53 ¶ 19.[7] Although it is true that this

---

[6] While Baker may be shown to be a public figure, that conclusion is not apparent from the face of the pleading. Therefore, if Defendant moves to dismiss a subsequent amendment due to the failure to allege sufficiently actual malice, Defendant will have to do a better job of explaining the applicability of the actual malice standard to Baker.

[7] Putting aside paragraph 19, the Court agrees with Defendant that the other new allegations that Plaintiffs added to the operative complaint fail to state a claim to the extent that Plaintiffs are required to plead actual malice. Paragraphs 20 and 21 state, in an entirely conclusory fashion, that Defendant had knowledge that his allegedly defamatory statements were false. D.E. 53 ¶¶ 20–21. The allegations contained in these paragraphs are exactly the type of factually-void claims that district courts may disregard under *Twombly* and *Iqbal* when evaluating the sufficiency of a cause of action. Paragraphs 18 and 34 assert that the falsity of Defendant's statements was so widely known that Defendant must have known that what he published about Plaintiffs was false. *Id*. ¶¶ 18, 34. These allegations fail for two reasons. First, Plaintiffs do not allege any factual matter supporting their conclusion that the "true" facts were well-known. Second, actual malice is measured by Defendant's subjective knowledge, that is, by whether Defendant "entertained serious

allegation is not a model of clarity, the fact that it alleges a factual basis for Defendant's knowledge arguably carries Plaintiff's second amended complaint "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. And in any case, because the undersigned cannot be certain whether or not the operative complaint, on its face, satisfies *Twombly* and *Iqbal*, the proper remedy is not a dismissal under Rule 12(b)(6). Rather, the Court orders Plaintiffs under Rule 12(e) to file a more definite statement of the allegation contained in paragraph 19 by the deadline stated below.

### B. Count II – Tortious Interference

Plaintiffs base their tortious interference claim on the alleged defamation by Defendant. D.E. 53 ¶¶ 13–15, 36, 42, 43, 45. Tortious interference claims that are derived from a claim for defamation are properly dismissed under Florida's single publication rule. *Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp.*, 831 So.2d, 208 (Fla. 4th DCA 2002) ("Because the disparagement of title claim was time barred, the claims for tortious interference and abuse of process must also fail where they are subject to the single publication/single action rule"). As the Court of Appeals for the Fourth District has explained:

> The [single publication] rule is designed to prevent plaintiffs from circumventing a valid defense to defamation by recating essentially the same facts into several causes of action all meant to compensate for the same harm .... Thus, if the defamation count fails, the other counts based on the same publication must fail as well because the same privileges and defenses apply.

*Id*. See also *Ovadia v. Bloom*, 756 So.2d 137, 140–41 (Fla. 3d DCA 2000) ("the single publication/single

---

doubts as to the truth of his publication," *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968), or, as in the present case, by whether Defendant actually knew that the allegedly defamatory statements were false. Because negligence, what Defendant should have known, is not the appropriate standard for pleading actual malice, *Meisler v. Gannett Co.*, 12 F.3d 1026, 1030 (11th Cir. 1994), Plaintiffs cannot state a claim by referring to what they deem to have been the widely known truth. See also *F&J Enters., Inc. v. Columbia Broad. Sys., Inc*. 373 F. Supp. 292, 299 (N.D. Ohio 1974) ("The test is not whether a defendant *would* have or *should* have known, but rather whether the defendant did *in fact* have knowledge of falsity or entertain serious doubts and did *in fact* make a statement with *calculated* falsity.") (emphasis in original).

action rule does *not* permit multiple actions to be maintained when they arise from the same publication upon which a failed defamation claim is based") (emphasis in original); *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So.2d 607, 609 (Fla. 4th DCA 1975) (claims in additional to a claim for defamation "are nothing more than separate elements of damage flowing from the alleged wrongful publications").

Here, counts I and II are premised upon the same publication of the same allegedly false and defamatory claims. Because the Court has granted Plaintiffs leave to amend count 1 as stated above, a determination on whether the single publication rule bars count II is premature at present.

C. Federal Rule of Civil Procedure Rule 15

The Court underscores that Plaintiffs' right to amend their operative complaint is granted under the Court's authority to provide such leave under Rule 15(2). However, the Court is not granting Plaintiffs leave to amend the complaint except to cure the defects identified in this order. And since Plaintiffs have already amended their complaint *more than* once as a matter of course, D.E. 1; D.E. 4; D.E. 53 (count II), they may not amend, other than as permitted in this Order, except with Defendant's consent or the Court's leave, as required under Rule 15(a)(2). The Court further advises that this Order constitutes Plaintiffs' final opportunity to cure the defects that the Court has noted– now twice – in the defamation claim. Should Plaintiffs' fail to address these defects, the Court will dismiss the defamation count, and, under the single publication rule, the tortious interference count, with prejudice. Finally, the Court warns Plaintiffs that the deadlines set forth by this Court and the Local Rules shall be enforced strictly. Failure to comply with these deadlines in the future will result in the dismissal of this case for lack of prosecution.

IV. <u>CONCLUSION</u>

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendant's Motion is GRANTED. Plaintiff's second amended complaint is DISMISSED WITHOUT PREJUDICE. Plaintiffs shall file a third amended complaint, curing the defects stated herein no later than June 14, 2013.

DONE AND ORDERED in Chambers, Miami, Florida, this _30th__ day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf