UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-23300-UU

PATRICE BAKER, an individual and
LAURENT LAMOTHE, an individual,

    Plaintiffs,

v.

LEO JOSEPH, an individual,

    Defendants.
_____/

## THIRD AMENDED COMPLAINT

    Plaintiffs Patrice Baker and Laurent Lamothe, file their Third Amended Complaint and sue Defendant Leo Joseph and in support state:

### PARTIES, JURISDICTION AND VENUE

    1.    Plaintiff, Laurent Lamothe, ("Lamothe") is a Haitian citizen, *sui juris*, and resides in Haiti.

    2.    Plaintiff, Patrice Baker, ("Baker") is a Haitian Citizen, *sui juris*, and resides in the Southern District of Florida.

    3.    Defendant, Leo Joseph, ("Joseph"), is over the age of eighteen, *sui juris*, and a resident of New York State.

    4.    This Court has personal jurisdiction over Joseph under section 48.193, Florida Statutes, including under subprovision (1)(b), as his acts constitute the commission of a tortious act within this state through the publication of a defamatory article which was published in, and accessed in this District.  Additionally, under subprovision (1)(f), Defendant has caused injury to Plaintiffs in this state through the publication of the defamatory statements in the course of

Defendant's (1) operation of a website that was published to, and viewed in, this state; and (2) production and editorial control over a website that was consumed or solicited readers for advertising and other purposes from the Creole-speaking and Haitian community in this District. In fact, Defendant's website promises news for Haiti and Florida on the homepage.

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different U.S. states and foreign states.

6. Venue is proper within the Southern District of Florida as this is the district in which the defamatory statements were published by Joseph and/or intended to be read by the general consuming public.

## GENERAL ALLEGATIONS

7. Plaintiff Baker is a prominent businessman in the Southern District of Florida. Baker is known and recognized in the community and maintains a stellar reputation in the business and local community.

8. Plaintiff Lamothe currently serves as the Prime Minister of Haiti and enjoys a stellar reputation in the political and local community in which he serves and resides. As a result of the large Haitian population which resides in this District, Plaintiff Lamothe's reputation is subject to offense and damage within the Southern District of Florida.

9. At all times material, Defendant operated, managed and published a website under the domain name of www.haiti-observateur.net (the "Website").

10. As a publisher of the information, articles and material of his Website, Defendant knows that the Website is frequently viewed, read, and understood in the Southern District of Florida. In fact, Defendant utilizes a third-party service that tracks web traffic: ClustrMaps. A

link to a ClustrMaps report appears on the homepage of the Website. Clicking that link from the Website reveals a report that boasts that from July 13, 2012 to September 7, 2012, the site tracked 2,025 viewers from Florida – more than any other state/market. In comparison, only 819 views came from Haiti during this same period. Defendant's known, primary market is the State of Florida.

11. The Website is not the only means of publication and distribution. Defendant presents the publication in printed form, as well, offering subscriptions to the publication by mail. The periodical and Website furnish contact addresses for print-subscriptions for consumers in, inter alia, the United States, Haiti, and Canada.

12. In fact, Defendant intends for their Website to be read in Florida as this geographical area contains a large Haitian and Creole-speaking community.

13. On August 15, 2012, the Defendant published the article titled "La Haitel en vente pour 25 millions $?" on the Website and intentionally began to spread false and defamatory statements about Plaintiffs to an international and unlimited group of readers, including in Florida and Haiti.

14. On September 5, the Defendant published a second article titled: "Global Voice et SOWCI ensemble pour ruiner la TELECO" on the Website intentionally spreading further false and defamatory statements about Plaintiffs.

15. Defendant continues to publish articles concerning the Plaintiffs, including but not limited to, January 16, 2013 and April 17, 2013, and has authored several defamatory articles regarding the Plaintiffs and third-parties.

16. Defendant's Articles are replete with statements that are outrageous, scandalous and reminiscent of a tabloid publication.

17. The Defendant's statements included:

   a. That Plaintiff Lamothe has acted improperly by leading efforts to expedite the process for the sale of the telecommunications company, Haitel, (*See* August 15th Article attached as Exhibit A);

   b. The false statement that Nord Citadel Capital, LLC, in association with the Haitian State (led by Lamothe), agreed to set the sale of Haitel at 25 million dollars, despite its hardware and software assets being valued at approximately 80 million dollars (*See* August 15th Article attached as Exhibit A);

   c. That Lamothe transformed the Haitian consulate in New York into an operations center for the sale of Haitel (*See* August 15th Article attached as Exhibit A);

   d. The false and defamatory statement that Baker acted unlawfully when Franck Cine was removed as chairman of Global Voice (*See* August 29th Article attached as Exhibit B);

   e. The implication[1] that Baker (through his company Global Voice) procured the agreement between SOWCI and Teleco - effectively terminating Haitel's business with the Haitian government (*See* August 29th Article attached as Exhibit B);

   f. The false and defamatory statement that Lamothe fixed the price of the sale of Haitel and will benefit in the form of "[giving] himself the lion's share" of the proceeds (*See* August 15th Article attached as Exhibit A);

   g. The false and defamatory statement that "Lamothe and his men forced representatives of [Nord Citadel Capital LLC] to pay hundreds of millions of dollars" (*See* August 15th Article attached as Exhibit A);

---

[1] "We are also unclear about the role assigned to Global Voice, Lamothe's company with Patrice Baker and Michel Martelly."

        h.        The false and defamatory statement that Baker's telecommunication companies are "under federal investigation that could lead to legal proceedings" (*See* September 23rd Article attached as Exhibit C);

        i.        The false and defamatory statement that Baker and Lamothe conspired to structure the transfer of corporate ownership in Telco Equipment & Support Services, Inc. in order to evade income taxes (*See* September 23rd Article attached as Exhibit C);

        j.        The false and defamatory statement that Lamothe "bribed a large majority in the Senate and Chamber of Deputies (*See* January 16th Article attached as Exhibit D); and

        k.        The false and defamatory statement that Lamothe resorted to corruption to secure contracts for Global Voice (*See* January 16th Article attached as Exhibit D).

18.        Defendant has knowledge that the above-referenced statements are false and has acknowledged their falsity during a teleconference with various third-parties at or around the time that this action was first filed. Defendant's knowledge as to the falsity of the statements comes, in part, from his relationship, that being of a business nature and/or creditor/debtor, with Franck Cine, majority shareholder of Haitel.

19.        Defendant has acknowledged that his false statements were made as a result or in part satisfaction of the outstanding debt between himself and Franck Cine.

20.        Defendant has acted with actual malice by utilizing his publication to publish statements which benefit him and his business partners/creditors while having knowledge as to their falsity.

21.        Defendant has knowledge that Haitel's assets were frozen by the Haitian government as a result of back taxes owed and for operating without the proper licenses. In as

much, the Haitian government has ongoing proceedings to complete the seizure of Haitel's assets which would preclude a sale to a third-party as falsely stated by Joseph.

22. Defendant has knowledge that Plaintiffs Lamothe and Baker did not profit from Haitel as the company was never sold.

23. Defendant's statements made in the Website and through his Articles are entirely false and conjured to destroy the reputations of Baker and Lamothe.

24. Plaintiffs, by and through counsel, issued a demand for a retraction to Defendant Joseph and Defendant did not comply with the demand[2].

25. Rather, in addition to Defendant's false and malicious defamatory statements set for the above, Defendant, not satisfied with the harm his statements caused to the Plaintiffs, re-published and repeatedly emphasized the defamatory statements once again, for the purpose of destroying the public, private, and professional reputations of the Plaintiffs.

26. More than ten days have elapsed since Plaintiffs demanded a retraction from Defendant.

27. Defendant's false and defamatory statements were published in electronic format over the internet. The statements remain on Defendant Joseph's Website and are continuously available to all viewers of the Website.

28. The statements published by Defendant about Baker and Lamothe as set forth above are false and have degraded and injured the Plaintiffs, their good name, their reputation, and their standing in their respective political and personal communities.

29. The defamatory statements made by Defendant Joseph set forth above are actionable per se because the statements are facially defamatory and impute upon Baker and

---

[2] Defendant has memorialized his unwillingness to retract his defamatory statements in his articles. (*See* August 29th Article attached as Exhibit B).

Lamothe conduct of illegal business practices, racketeering, corruption and a conspiracy among all parties.

30. Alternatively, the defamatory statements made and published by Defendant are actionable per quod the statements, when taken in context and the innuendo suggested by the statements imply conduct that degrades and injures Plaintiffs, their good names, their reputations, their standing in the community, both personally and professionally, and exposes Plaintiffs to distrust, hatred, contempt and obloquy.

## COUNT I
## DEFAMATION

31. Plaintiffs re-allege paragraphs 1 through 30 as if fully set forth herein.

32. Defendant, by and through his Website, has made false and defamatory statements concerning Plaintiffs.

33. The statements published by Defendant on his Website were unprivileged and made with actual malice.

34. Defendant knew statements published on the Website regarding Plaintiffs were false as a the underlying information was widely known to the general public, including the non-sale of Haitel, and as a result of Defendant Joseph's relationship with the majority shareholder of Haitel.

35. As a result of Defendant's statements published to third-parties on the Website, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs Baker and Lamothe respectfully request judgment in their favor and against Defendant Joseph for:

a. damages suffered by Plaintiffs;

  b. enjoining Defendant from publishing false and defamatory statements concerning the Plaintiffs;

  c. interest, costs, and attorney's fees; and

  d. such further relief that this Honorable Court deems just and proper.

Plaintiffs request a trial by jury on all issues so triable.

          RESPECTFULLY SUBMITTED,

          /s/ Miguel Armenteros
          J. Ronald Denman (863475)
          jrdenman@pbyalaw.com
          Miguel Armenteros (0014929)
          miguel@pbyalaw.com
          PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
          1000 Brickell Avenue, Suite 600
          Miami, FL 33131
          Telephone: (305) 377-0086
          Facsimile: (305) 377-0781
          Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2013, a copy of the above and foregoing was served via the Court's CM/ECF System upon:

Scott D. Ponce, Esq.
Sanford L. Bohrer, Esq.
Jonathan D. Stratton, Esq.
Amanda Hill, Esq.
Pedro Gassant, Esq.
HOLLAND & KNIGHT LLP
701 Brickell Avenue; Suite 3000
Miami, FL 33131
*Attorneys for Defendant*

/s/Miguel Armenteros_____ _____
Counsel of Record